IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MARVIN FLEMINGS,

      Plaintiff,

  v.                                    Case No. 11-cv-953-JPG

ILLINOIS DEPARTMENT OF
CORRECTIONS and ATTORNEY
GENERAL OF THE STATE OF ILLINOIS,

      Defendants.

## MEMORANDUM AND ORDER

      Plaintiff, currently incarcerated at Hill Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff claims that on July 13, 2007, while he was incarcerated at Lawrence Correctional Center, his cellmate, inmate Flores Santos, attacked him with his television, radio and fan.  During the attack, plaintiff alleges that correctional officer Jenkins watched and failed to stop the attack.  Plaintiff also makes multiple complaints about the grievance system at Lawrence Correctional Center with regard to his grievances involving this altercation.  Specifically, he complains that grievance officer Pamela Moran failed to abide by Illinois Department of Corrections rules in that she failed to review his grievance in a timely manner and she failed to forward the grievance to the warden.

      Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint.  Plaintiff makes no allegations against defendants Illinois Department of Corrections and Attorney General of the State of Illinois plausibly suggesting a right to relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Plaintiff has clearly brought this claim against the wrong defendants.  Plaintiff alleges that correctional officer Jenkins failed to protect him, not the Illinois Department of Corrections or the Attorney General of the State of

1

Illinois.  Further, he alleges that Pamela Moran failed to follow proper grievance procedures, not the name defendants.  Accordingly, the following defendants are **DISMISSED** from this action **with prejudice**:  Illinois Department of Corrections and Attorney General of the State of Illinois.

As both defendants in this case have been dismissed, the Court **DENIES** plaintiff's motion for summary judgment (Doc. 13) as moot and **DISMISSES** this matter with prejudice.  The Court further **DIRECTS** the Clerk of Court to enter judgment accordingly.  Also, the Court **DIRECTS** the Clerk of Court to mail plaintiff a prisoner civil rights complaint form.

Since the Plaintiff's complaint did not survive review under § 1915A, the Court assesses a **STRIKE**:   The dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**DATED:** August 27, 2012

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**